## FAILURE TO ESTABLISH HABITUAL DRUNKENNESS.

Circuit Court of Cuyahoga County.

### F. W. CADWELL v. HERMA M. CADWELL.

Decided, December 16, 1911.

*Alimony—Habitual Drunkenness.*

Proof of four protracted sprees during a period of ten or twelve years, does not establish habitual drunkenness.

*R. H. Lee,* for plaintiff.

*B. Pearce,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The issues upon this appeal are narrowed by the elimination of those relating to the divorce sued for by the plaintiff below and denied by the judgment of the court of common pleas. There the defendant, having filed her answer and cross-petition, praying for alimony and custody of the two children of the parties, was awarded the relief prayed for in such measure that the plaintiff has appealed. The ground of alimony alleged is habitual drunkenness; but the evidence shows, during the period of ten or twelve years, but four instances of inebriety on the

part of the plaintiff.    These instances, it is true, were of aggravated character, consisting of long sprees; but the separation of the parties appears to have been occasioned immediately, not by any of these lapses, but rather by a somewhat ill-grounded jealousy on the part of the defendant.    Since she left her husband she has lived at her parents' home in Toledo with her two children, now nine and ten years old respectively.    After her departure, the plaintiff indulged in a spree which was apparently superinduced by that occurrence.    Except during these sprees, the plaintiff seems to have been a sober and hard-working man.    It is worthy of remark that the defendant knew, at the time she married him, that he had not always been strictly temperate.    Apart from this circumstance, however, we can not hold, upon this evidence, that the plaintiff is guilty of habitual drunkenness within the meaning of the alimony statute.

See *Crabtree* v. *State,* 30 O. S., 382, 386, *et seq.; Bean* v. *Green,* 33 O. S., 444; *Union Mutual Life Ins. Co.* v. *Reif,* 36 O. S., 596.

The prayer for alimony is therefore denied.

The defendant's prayer for the custody of the children may be sustained under General Code, Sections 8032 to 8035.    Under all the circumstances we think it is better for them that they should remain, in general, with their mother, unless either shall, being over ten years of age, otherwise elect.    Until such contrary election is made, the general custody of the children is therefore awarded to the mother, with the privilege to the father, at his own expense, to take and keep them in his custody for the period of two months each year in the summer vacation beginning at the close of the school year.    For the support of the children, we order that the plaintiff pay to the mother, on the first day of each month, beginning on the first day of January, 1912, the sum of $30, and we adjudge the costs of this suit against him, including an attorney fee to defendant's counsel for her defense of this action in the court below, and for his services as such attorney in this court, the sum of $175.